IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| HASSAN ABEYOME,<br><br>    Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | HON. JOSEPH H. RODRIGUEZ<br><br>Civil Action<br>No. 16-8187 (JHR)<br><br>**OPINION** |

APPEARANCES:

HASSAN ABEYOME
#40859-050
Federal Correctional Institution - Fairton
P.O. Box 420
Fairton, New Jersey 08320
 *Pro Se* Petitioner

JACQUELINE CARLE, Esq.
United States Attorney's Office
401 Market Street, 4th Floor
Camden, New Jersey 08101
 Attorney for Respondent United States of America

**RODRIGUEZ, Senior District Judge:**

I. **INTRODUCTION**

Presently before the Court is the *pro se* Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255, filed by Petitioner Hassan Abeyome (the "§ 2255 Motion"). (ECF No. 1.) For the reasons stated herein, the

Court will deny Petitioner's § 2255 Motion and will not issue a certificate of appealability.

## II. BACKGROUND

### i. Petitioner's Plea and Sentencing

On August 2, 2012, Petitioner pleaded guilty to one count of possession of crack cocaine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). (*See*, *e.g.*, Apr. 15, 2013 Crim. J. in *United States v. Abeyome*, Crim. Action No. 1:12-cr-520 (JHR) (the "Criminal Docket") at ECF No. 38.) As part of his underlying plea agreement, Petitioner expressly acknowledged "[having] at least two prior felony convictions of either a crime of violence or a controlled substance offense" for purposes of designating him as "a Career Offender pursuant to [United States Sentencing Guideline ("USSG")] § 4B1.1." (*See* July 10, 2012 Plea Agreement, Criminal Docket at ECF No. 34, PageID: 81.)

At sentencing, the Court agreed that Petitioner was appropriately designated as a career offender. (*See*, *e.g.*, Apr. 11, 2013 Sentencing Hr'g Tr. 5-6, Criminal Docket at ECF No. 40.) The record conclusively shows that Petitioner's career offender designation was supported by multiple criminal convictions, including, *inter alia*, three separate felony convictions for controlled dangerous substance ("CDS") offenses which Petitioner committed on October 9, 1993, January 11, 1994, and February 4, 2003. (*See* Presentence Investigation Report ("PSR") at ¶¶

34-67; *accord* Apr. 11, 2013 Sentencing Hr'g Tr. 3-5.) As a career offender, Petitioner faced an advisory Guideline range of 151-188 months' imprisonment. (*See* Apr. 11, 2013 Sentencing Hr'g Tr. 6.) That range was reduced to 100-125 months' imprisonment pursuant to USSG § 5K1.1. (*Id.* at 8.) The Court ultimately imposed a 100-month sentence. (*See* Apr. 15, 2013 Crim. J.)

Petitioner appealed that sentence to the United States Court of Appeals for the Third Circuit on April 23, 2013. (*See* Criminal Docket at ECF No. 40.) The Third Circuit summarily dismissed that appeal "[i]n accordance with the agreement of the parties" on or about September 6, 2013. (*Id.* at ECF No. 41.) Petitioner has not further pursued any direct appeal, nor has Petitioner previously filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255.

### ii. *Johnson v. United States*, 135 S. Ct. 2551 (2015)

On June 26, 2015, the United States Supreme Court struck down the residual clause of the Armed Career Criminal Act ("ACCA") as unconstitutionally vague.[1] *Johnson v. United States*, 135 S. Ct. 2551 (2015). On April 18, 2016, the Supreme Court expressly held that *Johnson* retroactively applies to cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257 (2016).

---

[1] "The residual clause [at issue in *Johnson*] defined a crime as a 'violent felony' if it 'otherwise involves conduct that presents a serious potential risk of physical injury to another.'" *In re Hoffner*, 870 F.3d 301, 303 (3d Cir. 2017) (quoting 18 U.S.C. § 924(e)(2)(B)(ii)).

### iii. Petitioner's § 2255 Motion

Petitioner filed his § 2255 Motion on October 31, 2016.[2] (ECF No. 1.) Petitioner asserts that he is entitled to habeas relief because he was improperly designated as a career offender. Petitioner – without acknowledging that this designation is supported by three separate felony CDS convictions – argues only that "[f]ollowing *Johnson*, [his additional November 21, 2003] conviction for aggravated assault under New Jersey law does not qualify as a predicate offense [for purposes of designating him as a career offender under USSG § 4B1.1]." (*Id.* at PageID: 18.) This is the lone habeas claim raised by Petitioner.

### iv. The Government's Opposition to the § 2255 Motion

The Government argues that Petitioner's § 2255 Motion should be denied because, *inter alia*: (1) it is untimely; and (2) regardless of whether Petitioner's 2003 aggravated assault conviction is a crime of violence under USSG § 4B1.1, Petitioner was properly sentenced as a career offender in light of Petitioner's three additional and separate CDS convictions. (*See* July 19, 2018 Answer, ECF No. 8.)

---

[2] October 31, 2016 is the date on which Petitioner executed his § 2255 Motion. (*See* ECF No. 1 at PageID: 13.) Under the federal prisoner mailbox rule, "a document is deemed filed on the date it is given to prison officials for mailing." *Pabon v. Mahanoy*, 654 F.3d 385, 391 n. 8 (3d Cir. 2011). The Court, affording Petitioner all favorable inferences, finds that October 31, 2016 represents the operative filing date of Petitioner's § 2255 Motion.

## III. STANDARD OF REVIEW

Section 2255 provides, in relevant part, that:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

A district court must hold an evidentiary hearing on a § 2255 motion unless the "motion and the files and records of the case conclusively show" that the movant is not entitled to relief. 28 U.S.C. § 2255(b); *see also United States v. Booth*, 432 F.3d 542, 545-46 (3d Cir. 2005). Here, the record conclusively demonstrates that Petitioner is not entitled to relief.

## IV. ANALYSIS

### i. Petitioner's § 2255 Motion is Untimely

Motions brought pursuant to 28 U.S.C. § 2255 are subject to a one-year statute of limitations. 28 U.S.C. § 2255(f). This limitation period begins to run at the latest of the following events: (1) the date on which the conviction becomes final; (2) the date on which an impediment to making the motion is removed; (3) the date on which a right made retroactively applicable to cases on collateral review was initially recognized by the Supreme Court; or (4) the date on which the

facts supporting the claim could first have been discovered through due diligence. 28 U.S.C. § 2255(f)(l)-(4).

Petitioner asserts that his § 2255 Motion is timely under 28 U.S.C. § 2255(f)(3) only. (ECF No. 1 at PageID: 11.) Section 2255(f)(3), in turn, provides that a motion seeking relief under § 2255 is timely if it is filed within one year from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). The limitations period under this provision begins on the date of the Supreme Court decision initially recognizing the right, and not the date of any decision that thereafter makes the right retroactively applicable to cases on collateral review. *See Dodd v. United States*, 545 U.S. 353, 357 (2005) ("An applicant has one year from the date on which the right he asserts was initially recognized by this Court."); *accord United States v. Green*, 898 F.3d 315, 318 (3d Cir. 2018).

Here, it is undisputed that Petitioner filed his § 2255 Motion on October 31, 2016, *i.e.*, well over one-year after the Supreme Court issued its *Johnson* opinion on June 26, 2015. Thus, on its face, Petitioner's § 2255 Motion is untimely under 28 U.S.C. § 2255(f)(3). *Dodd*, 545 U.S. at 357-58; *Green*, 898 F.3d at 318; *Lindsay v. United States*, No. 16-3281, 2016 WL 6469297, at *5 (D.N.J. Nov. 1, 2016).

Further, although the statute of limitations applicable to § 2255 motions is subject to equitable tolling, reliance on that remedy "should be invoked 'only sparingly.'" *United States v. Bass*, 268 F. App'x 196, 199 (3d Cir. 2008) (quoting *United States v. Midgley*, 142 F.3d 174, 179 (3d Cir. 1998)). In order to receive equitable tolling, Petitioner must "show (1) that he faced 'extraordinary circumstances that stood in the way of timely filing,' and (2) that he exercised reasonable diligence." *United States v. Johnson*, 590 F. App'x 176, 179 (3d Cir. 2014) (quoting *Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2011)). Mere excusable neglect is insufficient. *United States v. Thomas*, 713 F.3d 165, 174 (3d Cir. 2013).

Petitioner attributes the late filing of his *pro se* § 2255 Motion to his mistaken belief that the Office of the Public Defender would be filing that motion on his behalf. (ECF No. 1 at PageID: 11-12.) This assertion fails to provide a basis to equitably toll Petitioner's otherwise untimely-filed § 2255 Motion. To the extent the Public Defender was still representing Petitioner – and such a claim is of dubious validity given that Petitioner ultimately filed his habeas motion *pro se* – his "attorney's delinquency is chargeable to [Petitioner] and is not a basis for equitable tolling." *Cristin v. Wolfe*, 168 F. App'x 508, 511 (3d Cir. 2006). To the extent Petitioner was unrepresented by counsel, he has failed to demonstrate that he himself was reasonably diligent. The Court will therefore deny Petitioner's §

2255 Motion as time-barred. Moreover, for the reasons set forth below, Petitioner's § 2255 Motion also fails on the merits, and would still be denied even were it timely brought.

### ii. Petitioner's *Johnson* Argument

Petitioner claims that "[f]ollowing *Johnson*, [Petitioner's November 21, 2003] conviction for aggravated assault . . . does not qualify as a predicate offense" for purposes of designating Petitioner as a career offender under USSG § 4B1.1. (ECF No. 1 at PageID: 18.) This argument – which is premised on the factually incorrect notion that but-for Petitioner's 2003 aggravated assault conviction, he would not have been designated as a career offender – fails to provide a basis to grant Petitioner habeas relief.

The 2011 Sentencing Guidelines, *i.e.*, the version of the Guidelines utilized by the Court at Petitioner's sentencing (*see* PSR at p. 4), provide that "[a] defendant is a career offender if . . . the defendant has at least two prior felony convictions of either a crime of violence *or* a controlled substance offense." U.S. Sentencing Guidelines Manual § 4B1.1(a) (U.S. Sentencing Comm'n Nov. 2011) (emphasis added). The record makes clear that aside from his November 21, 2003 conviction for aggravated assault, Petitioner also had three additional felony convictions stemming from separate CDS offenses which he committed on October 9, 1993, January 11, 1994, and February 4, 2003. (*See* PSR ¶¶ 32, 34, 56).

The record therefore makes clear that Petitioner was properly designated as a career offender pursuant to USSG § 4B1.1(a) because he had "at least two prior felony convictions of . . . a controlled substance offense." This fact remains true regardless of whether Petitioner's additional 2003 aggravated assault conviction could also serve as a career offender predicate offense.

In light of the foregoing, *Johnson* – and the specific "crime of violence" residual clause implicated by *Johnson*, *i.e.*, USSG § 4B1.2(a)(2) – does not provide a basis for this Court to grant habeas relief to Petitioner. As such, and for the additional reasons detailed above, Petitioner's § 2255 Motion will be denied.

### iii. Certificate of Appealability

A petitioner may not appeal "the final order in a proceeding under Section 2255" unless he has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(1)(B), (2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues presented here are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). For the reasons expressed above, Petitioner has failed to make a substantial showing that he was denied a constitutional right. As jurists of reason could not disagree with this Court's

resolution of Petitioner's § 2255 Motion, the Court denies Petitioner a certificate of appealability.

## V. CONCLUSION

For the reasons set forth above, Petitioner's Motion to Vacate, Correct, or Set Aside his sentence is denied.  No certificate of appealability shall issue.  An accompanying Order will be entered.

  November 1, 2018                               s/ Joseph H. Rodriguez
Date                                                 JOSEPH H. RODRIGUEZ
                                                                              U.S. District Judge